IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

BRENT MATTHEW BROWN,

    Petitioner,

vs.

MIKE MAHONEY,

    Respondent.

CAUSE NO. CV 05-38-M-DWM-JCL

FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

On April 17, 2006, this Court issued an Order requiring Petitioner to file, on or before May 15, 2006, a brief showing cause and prejudice, or in the alternative, a fundamental miscarriage of justice excusing the procedural default of his claims. Petitioner's brief was also to explain his failure to file his petition within the applicable limitations period. Petitioner did not comply with the Court's Order. Accordingly, on October 23, 2006, this Court required Petitioner to show cause why his case should not be dismissed for failure to prosecute pursuant to Rule 41(b). Petitioner did not respond to the Court's show cause Order and has not filed anything with the Court since he filed his petition on March 14, 2005.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

(3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

The Federal Rules of Civil Procedure are to be construed to secure "the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Given Petitioner's failure to respond to the Court's Order to demonstrate cause and prejudice and explain why he did not file his petition in a timely fashion, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983). It has been well over a year and a half since Petitioner has filed anything in this matter. Petitioner knew his petition was subject to dismissal based upon procedural default and for failure to file within the applicable statute of limitations (Document 2) and yet he failed to file a brief in response to the Court's Order. The Court must be able to manage its docket. Therefore, this factor favors dismissal.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); Malone v. United States Postal Service, 833 F.2d

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

128, 131 (9th Cir. 1987); In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). There is also a rebuttable presumption that unreasonable delay causes prejudice. In re Eisen, 31 F.3d at 1453 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (as amended) (presuming from elapsed time that defendants' ability to defend a case has been prejudiced). Respondent has not been served in this matter. However, given Petitioner's failure to respond to the Court's Order, the matter could linger indefinitely and prejudice Respondent.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. Id. The Court gave Petitioner an opportunity to show cause why the case should not be dismissed. Petitioner failed to respond.

Although the Court could grant Petitioner additional time to respond, this alternative appears futile given Petitioner's refusal to respond to the Court. Petitioner will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Petitioner the chance to challenge this Court's rulings.

The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds that the other four factors

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Petitioner has refused to comply with this Court's Orders and the Court finding that the relevant factors weigh in favor of dismissing the petition, the Court enters the following:

## RECOMMENDATION

Brown's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be **DISMISSED.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Petitioner. Petitioner is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after entry of this Findings and Recommendation as indicated on the Notice of Electronic Filing, or objection is waived.

DATED this 22nd day of December, 2006.

_____
Jeremiah C. Lynch
United States Magistrate Judge